UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DARNELL WESLEY MOON,            )
                                )
        Plaintiff,              )
                                )
    vs.                         )    2:11-cv-217-JMS-WGH
                                )
FEDERAL BUREAU OF PRISONS, et al., )    USCA No. 11-3440
                                )
        Defendants.             )

**Entry Discussing Selected Matters**

**I.**

The plaintiff has filed a notice of appeal with respect to the Order of October 12, 2011, acting on his request to proceed *in forma pauperis*. That notice of appeal has been processed and the appeal has been docketed as No. 11-3440.

The plaintiff's notice of appeal includes his request to certify that appeal as appropriate for an interlocutory appeal.

"Non-final orders or decrees are not appealable as a matter of right;" interlocutory appeal is an extraordinary remedy. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474 (1978) (citing 28 U.S.C. § 1292(b)). A district court judge may, in its discretion, certify a question for interlocutory appeal where: (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "For the doctrine to apply, the challenged order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the underlying action; and (3) be effectively unreviewable from a final judgment." *Coopers and Lybrand,* 437 U.S. at 468. All three elements must be satisfied for certification. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 376 (1981). The plaintiff has not addressed the criteria of § 1292(b). The order from which the plaintiff seeks to appeal could not be reasonably understood as supplying a basis on which the criteria of § 1292 could be satisfied. Accordingly, the plaintiff's request that his notice of appeal be certified as a proper interlocutory appeal [14] is **denied.**

## II.

The plaintiff seeks leave to proceed on appeal *in forma pauperis.*

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. ' 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of ' 1915 must be judged by an objective, not a subjective, standard. *Id.* A plaintiff demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *Farley v. United States,* 354 U.S. 521 (1957) (absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *U.S. v. Gicinto,* 114 F.Supp. 929 (W.D.Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

There is no objectively reasonable argument which the plaintiff could present to argue that the ruling as to which he has filed a notice of appeal was erroneous or that the ruling is itself appealable at this time. In pursuing an appeal from that ruling and at this time, the plaintiff @is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.@ *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

The plaintiff's request to proceed on appeal *in forma pauperis* [19] is **denied**.

The plaintiff's motion for an expedited ruling [19] is **denied** as unnecessary.

**IT IS SO ORDERED.**

Date: 11/16/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Darnell Wesley Moon
34077-044
Terre Haute U.S.P
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808